IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

| | |
|---|---|
| PAUL FISHBEIN, | ) |
| Plaintiff, | ) No. 25-874 |
| v. | ) Filed: October 7, 2025 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Paul Fishbein, proceeding pro se, brings this suit against the United States seeking relief from his federal criminal convictions for wire fraud, mail fraud, theft of government funds, aggravated identity theft, and health care fraud. Plaintiff alleges immunity under the Privileges and Immunities Clause of Article IV and the Eleventh Amendment of the United States Constitution and seeks relief in the form of dismissal of all charges, release from custody, and return of his seized property. Before the Court is the Government's Motion to Dismiss for lack of Subject-Matter Jurisdiction. For the reasons explained below, the Court **GRANTS** the Government's Motion.

I.   BACKGROUND

A.   **Factual Background**

Plaintiff is currently incarcerated at Federal Correctional Institution Fort Dix. *See* Pl.'s Compl. at 3, ECF No. 1. Plaintiff's Complaint concerns a criminal case, *United States v. Fishbein*, No. 21-CR-296 (S.D.N.Y. Apr. 2, 2021), brought against him in the United States District Court for the Southern District of New York. *See id.* at 2. According to the official court record, on April 27, 2023, a federal jury in that criminal case found Plaintiff guilty of wire fraud, mail fraud,

theft of government funds, aggravated identity theft, and health care fraud. Jury Verdict at 1–2, *United States v. Fishbein*, No. 21-CR-296 (S.D.N.Y. Apr. 27, 2023), ECF No. 120. A judge subsequently sentenced Plaintiff to 70 months of incarceration, three years of supervised release, and restitution in the amount of $1,894,644.01. J. at 3–4, 7–8, *United States v. Fishbein*, No. 21-CR-296 (S.D.N.Y. Feb. 12, 2024), ECF No. 165. Plaintiff's criminal case was reassigned to Judge Arun Subramanian on May 24, 2024. *See* Reassignment, *United States v. Fishbein*, No. 21-CR-296 (S.D.N.Y. May 24, 2024). Plaintiff alleges that, in connection with this criminal matter, the Government seized his personal property, "[i]ncluding but not limited to [his] passport, electronic devices (e.g. computers, cell phone) and other business and personal property." ECF No. 1 at 3.

### B. Procedural Background

Plaintiff filed his Complaint in this Court on May 22, 2025. *See* ECF No. 1. He requests an order dismissing his criminal case, directing his "immediate release from custody," and "directing the government to return personal property." *Id.* at 2. Plaintiff's Complaint states that he "ha[s] immunity" based on "the United States Constitution Article 4 Section 2," which Plaintiff paraphrases as providing that "[t]he Citizens of each state shall be entitled to all privileges' [sic] and immunities of Citizens in the several states." *Id.* Plaintiff also invokes "Amendment 11," which he similarly paraphrases as providing that "[t]he Judicial powers of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign state." *Id.* Thus, Plaintiff appears to allege that he possesses immunity from criminal conviction pursuant to the Privileges and Immunities Clause of Article IV and the Eleventh Amendment of the Constitution. The Complaint further states: "I do solemnly swear (or affirm) that the judge(s) is a trust, the prosecutor(s) is the trustee and Paul Fishbein is the beneficiary on ALL MY CASES. This is a [sic] IMPLIED CONTRACT with no expiration date." *Id.* In addition to the United

2

States, Plaintiff names Judge Subramanian and the prosecutor who brought the criminal case on behalf of the United States as defendants in his Complaint. *Id.* at 1. Plaintiff's Complaint does not assert any basis for jurisdiction. *Id.*

The exhibit attached to Plaintiff's Complaint, containing 13 documents, suggests that Plaintiff's immunity arguments may be based on Plaintiff's contention that he is a sovereign citizen or otherwise not subject to the laws of the United States. *See generally* Ex., ECF No. 1-1. These documents include: (1) an "Affidavit of Declaration of Non-U.S. Citizen & Declaration of Foreign Neutral In Itinere Status," *id.* at 3–4; (2) an "Affidavit of Denial of Corporate Existence," *id.* at 7–8; and (3) a "Memorandum of Law and Points of Authority in Support of Affidavit of Non-Corporate Status," *id.* at 11–12. Throughout these three documents Plaintiff alleges that he is "not a STATUTORY U.S. CITIZEN" and denies his status as "a citizen of the CORPORATE UNITED STATES." *Id.* at 3–4. Plaintiff further distinguishes between his name written in all capital letters as his "corporate existence," and his name written with only initial capitalization as his status as a "living, breathing, flesh and blood human being." *Id.* at 7. The remaining documents include: (4) two Powers of Attorney, *id.* at 2, 24; (5) a "Certificate of Proof of Life," *id.* at 14; (6) an "Affidavit of Ownership," *id.* at 16; (7) a "Sworn Oath," *id.* at 18; (8) a certificate of live birth, *id.* at 19; (9) an "Executor Letter," *id.* at 21; (10) a UCC Financing Statement, *id.* at 23; and (11) two affidavits of service, *id.* at 25–30.

Since filing the Complaint, Plaintiff has submitted numerous filings to the Court, including an Affidavit, a Notice with Supplemental Documents, a Letter to the Court, a Motion or Default Order, Answer to Government's Motion, and Motion for Summary Judgment. With three exceptions, the Court rejected the submissions as duplicative of his other filings. *See* Orders, ECF Nos. 12, 15, 16, 19, 21, 22. In addition to filings the Court construed as Plaintiff's Response to

the Government's Motion to Dismiss, ECF No. 18, and a Surreply, ECF No. 23, the Court granted leave for Plaintiff to file the Affidavit, which requests an investigation "on the people who have been served in this case." Aff. at 1, ECF No. 11. In the Affidavit, Plaintiff reiterates his claim of immunity and argues his incarceration constitutes "unlawful imprisonment." *Id.* Plaintiff asserts "[t]hat the people served in this case are breaking United States laws (Acts of congress) and international laws, [k]nowingly and willing[ly]." *Id.* Plaintiff further "request[s] there be sanctions and criminal prosecution, [o]n the people served in this case." *Id.*

On August 20, 2025, the Government filed its Motion to Dismiss. *See* ECF No. 13. The Government asserts that Plaintiff's claims must be dismissed for four reasons. First, Plaintiff alleges claims against defendants over whom this Court lacks jurisdiction. *Id.* at 3. Second, Plaintiff's constitutional claims are not money-mandating. *Id.* at 4. Third, this Court lacks jurisdiction to review Plaintiff's criminal case in district court. *Id.* Fourth, the Court's limited jurisdiction to hear claims for compensation based on unjust conviction is inapplicable here. *Id.* at 4–5. On September 5, 2025, Plaintiff filed his Response to the Motion to Dismiss by leave of Court, *see* ECF No. 18, and the Government filed its Reply on September 19, 2025, *see* Gov't's Reply in Supp. of Mot. to Dismiss, ECF No. 20.[1] Plaintiff filed a Surreply by leave of Court on October 7, 2025. ECF No. 23. The Motion is fully briefed and ripe for disposition.

---

[1] As the Government notes in its Reply, ECF No. 20 at 1, Plaintiff's Response to the Motion raises the same arguments as in his Complaint. *See* ECF No. 18. Indeed, the Response merely adds Plaintiff's request that the Court "deny the entire government[']s motion" because "[t]his court has jurisdiction on my paperwork." *Id.* at 1. Plaintiff argues that "[t]he government[']s motion is only a stall tactic," and Plaintiff "once again . . . introduce[s] [his] paperwork that is already on the court file with this case." *Id.* The remainder of Plaintiff's Response is duplicative of his Complaint.

## II.  LEGAL STANDARDS

### A.  Jurisdiction of the Court of Federal Claims

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act, however, does not create substantive rights," nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (citation modified). Instead, to establish jurisdiction "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). If the court determines that the underlying source of substantive law is not money-mandating, the court "shall dismiss the cause for lack of jurisdiction . . . [,] the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

### B.  Standard of Review for 12(b)(1) Motion

The plaintiff bears the burden to establish jurisdiction by a preponderance of the evidence. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). When considering a motion to dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the Court must accept as true the facts alleged by the plaintiff and "draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). If the Court determines based on those facts that it lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens*

*for Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)) *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

When a claimant files a complaint as a pro se litigant, the Court construes the allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this custom, "the leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements[.]" *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "[V]ague, conclusory, or unsupported assertions" are not sufficient to meet the plaintiff's burden. *Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *2 (Fed. Cir. Feb. 10, 2023).

### III.   DISCUSSION

Plaintiff's Complaint must be dismissed because (1) the Complaint seeks relief against defendants over whom this Court lacks jurisdiction; (2) Plaintiff's claims do not rely on money-mandating sources of law; (3) the Complaint seeks review of Plaintiff's criminal case in federal district court; (4) even construing Plaintiff's allegations liberally as claims seeking money damages for unjust conviction, he does not allege the jurisdictional prerequisites of such claim; and (5) Plaintiff does not assert a non-frivolous allegation of an implied contract with the Government. Accordingly, the Court grants the Government's Motion to Dismiss.

### A.   Plaintiff's Complaint Seeks Relief Against Defendants Over Whom this Court Lacks Jurisdiction.

This Court lacks jurisdiction over Plaintiff's claims against the district judge and the federal prosecutor assigned to his criminal case. As the Government correctly asserts, "[i]t is well established that this Court has jurisdiction to entertain claims against the United States, and no one else." ECF No. 13 at 3 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Stephenson*

6

*v. United States*, 58 Fed. Cl. 186, 190 (2003)).  Thus, "[w]hile this Court has jurisdiction over monetary claims against the United States, it lacks jurisdiction over claims against . . . federal officials." *Barksdale v. United States*, 174 Fed. Cl. 168, 172 (2024) (citing *Sherwood*, 312 U.S. at 588), *aff'd*, No. 2025-1386, 2025 WL 1214725 (Fed. Cir. Apr. 28, 2025); *see also Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").  As the judge and prosecutor named in Plaintiff's Complaint are individual federal officials, this Court lacks jurisdiction to hear claims against them.  *See Redd v. United States*, 147 Fed. Cl. 602, 607 (2020) (dismissing claims against "individual federal officials, such as federal judges, court employees, public defenders, or prosecutors" for lack of jurisdiction).  Accordingly, to the extent Plaintiff seeks relief against individual federal officials, his Complaint must be dismissed.

      **B.**      **Plaintiff's Claims Do Not Rely on a Money-Mandating Source of Law.**

Plaintiff has not identified a money-mandating provision of substantive law to establish jurisdiction under the Tucker Act.  A source of law is money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." *United States v. Mitchell*, 463 U.S. 206, 217 (1983).  "While the premise to a Tucker Act claim will not be "lightly inferred[,] . . . a fair inference will do." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).  The constitutional provisions cited in the Complaint, and the statutes cited in the exhibit attached thereto, are not money-mandating.

      1.      <u>The Constitutional Provisions Plaintiff Cites Are Not Money-Mandating.</u>

Plaintiff claims immunity under the Privileges and Immunities Clause of Article IV and the Eleventh Amendment of the Constitution.  ECF No. 1 at 2.  Neither provision is money-mandating.  *See May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013); *Ragdona v. United States*, 159 Fed. Cl. 447, 449 (2022); S*tewart v. United States*, 166 Fed. Cl. 723, 726–27 (2023);

7

*Stephens v. United States*, 165 Fed. Cl. 341, 348 (2023) (citing *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007)). Therefore, neither provides a basis for jurisdiction.

        2.        <u>The Statutory Provisions Plaintiff Cites Are Not Money-Mandating.</u>

While Plaintiff cites several statutes in his exhibit to argue he is not a statutory citizen of the United States, and that he is immune from the jurisdiction of the United States government and federal courts, none are money-mandating. *See generally* ECF No. 1-1 at 3–4. At the outset, the Court notes that such "sovereign citizen" claims have been routinely rejected by courts as frivolous, *see, e.g.*, *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022), and do not provide a basis for jurisdiction, *Russian v. United States*, No. 17-1820C, 2018 WL 670871, at *1–2 (Fed. Cl. Feb. 2, 2018). Review of the specific statutes cited, however, confirms that none are money-mandating.

First, Plaintiff cites several criminal statutes. *See, e.g.*, ECF No. 1-1 at 4 (citing 18 U.S.C. §§ 112, 878, 970, 1201, 1116). It is well established that under the Tucker Act this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Second, Plaintiff cites several definitional provisions of law, including 8 U.S.C. § 1101, 22 U.S.C. § 288, 28 U.S.C. § 1603, and 28 U.S.C. § 3002. ECF No. 1-1 at 4. Definitional provisions are not money-mandating. *See Doiban v. United States*, 173 Fed. Cl. 527, 538 (2024) (holding "a definitional section of a regulation . . . is not money-mandating"). Finally, Plaintiff invokes 8 U.S.C. § 1503 and 28 U.S.C. § 1604. Section 1503 provides proceedings for relief for persons within the United States who have been denied a right or privilege on the basis that they are not a national of the United States. 8 U.S.C. § 1503. This provision is not money-mandating because the relief contemplated by the statute is "a judgment declaring [the individual] to be a national of the United States." 8 U.S.C. § 1503(a); *see also United States v. King*, 395 U.S. 1, 5 (1969) (recognizing that the jurisdiction of the Court of Federal Claims is premised on monetary,

not declaratory, relief). Section 1604, a provision of the Foreign Sovereign Immunities Act ("FSIA"), guarantees certain procedural protections to sovereign nations. 28 U.S.C. § 1604. Judges of this court have previously held that FSIA is not money-mandating. *E.g.*, *Davenport v. United States*, No. 17-1122, 2017 WL 5988354, at *3 (Fed. Cl. Dec. 4, 2017). Without a money-mandating provision of law, Plaintiff cannot establish subject-matter jurisdiction under the Tucker Act.

    **C.**    **Plaintiff's Complaint Seeks Review of a District Court Decision Over Which this Court Lacks Jurisdiction.**

At bottom, Plaintiff's Complaint seeks further review of his criminal conviction. ECF No. 1 at 2 (requesting that *United States v. Fishbein*, No. 21-CR-296, "be dismissed and any debt discharged"). But, as the Government notes in its Motion, ECF No. 13 at 4, this Court does not have jurisdiction to review the decisions of district courts. *Joshua*, 17 F.3d at 380. More specifically, this Court lacks jurisdiction to review criminal convictions. *Drake v. United States*, 792 F. App'x 916, 919 n.4 (Fed. Cir. 2019). As the Government also notes, this Court lacks jurisdiction to hear claims contesting forfeiture of property as a criminal penalty. ECF No. 13 at 5 (citing *Maracalin v. United States*, 52 Fed. Cl. 736, 743 (2002), *aff'd*, 63 F. App'x. 494 (Fed. Cir. 2003)). Accordingly, this Court lacks jurisdiction over Plaintiff's Complaint.

    **D.**    **Liberally Construing Plaintiff's Complaint as Seeking Compensation for Unjust Conviction and Imprisonment Does Not Provide Jurisdiction.**

Recognizing that Plaintiff's Complaint should be liberally construed, the Government acknowledges and distinguishes this Court's limited jurisdiction under 28 U.S.C. §§ 1495 and 2513 to entertain claims for compensation based on unjust conviction and imprisonment. *See* ECF No. 13 at 4. However, as the Government correctly argues, these statutes are strictly construed and only permit this Court to entertain claims for monetary damages *after* a district court has reversed a plaintiff's conviction or the President has pardoned the plaintiff. *Id.* at 4–5 (citing

9

*Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972); *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002); *Brown v. United States*, 42 Fed. Cl. 139, 141–42 (1998); *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987)); *see* 28 U.S.C. §§ 2513(a)–(b). Plaintiff fails to plead facts establishing this requirement.

1. The Requirements of 28 U.S.C. § 2513 Are Jurisdictional.

Because the Government seeks to dismiss under RCFC 12(b)(1) on the basis that Plaintiff has not alleged facts meeting the requirements of § 2513, the Court must first determine whether those requirements are jurisdictional. For the reasons explained below, and in this Court's previous decision in *Faircloth v. United States*, No. 21-958, 2022 WL 908953, at *4 (Fed. Cl. Mar. 29, 2022), the Court determines that the requirements of § 2513 are jurisdictional.

Pursuant to 28 U.S.C. § 1495, the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." But a plaintiff

> suing under [S]ection 1495 . . . must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). Section 2513 further requires that "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." *Id.* § 2513(b). This certificate is often referred to as a "certificate of innocence." *See, e.g.*, *Jackson v. United States*, 162 Fed. Cl. 282, 297 (2022).

10

The United States Court of Claims ("Court of Claims") held in 1958 that "[§§ 1495 and 2513] must be read together, since the one refers to the other." *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (per curiam). Under such reading, "the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with." *Id.* The Court of Claims reiterated its holding that the requirements of § 2513 are jurisdictional decades later in *Moore v. United States*, 230 Ct. Cl. 819, 820 (1982), noting that a claim under § 1495 is "severely restricted by the requirements" of § 2513, "which is jurisdictional and must be strictly construed."

Several judges of this court, including the undersigned, have followed these binding precedents to hold that the requirements of § 2513 are jurisdictional, *see, e.g.*, *Faircloth*, 2022 WL 908953, at *4; *Jackson*, 162 Fed. Cl. at 297 & n.7 (collecting cases). Conversely, other judges have applied the Federal Circuit's holding in *Fisher*, 402 F.3d at 1173, to conclude that the Court of Federal Claims has jurisdiction over a complaint alleging an unjust conviction claim regardless of whether the requirements of § 2513 are met because § 1495 is itself a money-mandating statute. *See, e.g.*, *Winters v. United States*, 140 Fed. Cl. 585, 588 (2018); *Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017); *Sykes v. United States*, 105 Fed. Cl. 231, 234 (2012). *Fisher* held that, when evaluating whether Tucker Act jurisdiction exists, "the determination that the source [of law] is money-mandating shall be determinative . . . ." 402 F.3d at 1173. Applying this reasoning, *Winters*, *Bobka*, and *Sykes* hold that the Court of Federal Claims has jurisdiction over claims brought under § 1495 regardless of whether a plaintiff adequately pleads the requirements of § 2513 because § 1495's money-mandating status ends the inquiry. *See, e.g.*, *Winters*, 140 Fed. Cl. at 588–89. Under these cases, § 2513's requirements are considered in determining whether a

11

plaintiff has adequately stated a claim to survive a motion to dismiss under RCFC 12(b)(6) rather than in determining whether the Court of Federal Claims has jurisdiction. *Id.* at 589–90.

This Court previously considered this body of case law and held that a certificate of innocence is a jurisdictional prerequisite under §§ 1495 and 2513 because *Grayson* remains binding precedent addressing the precise question at issue. *Faircloth*, 2022 WL 908953, at *4. Subsequent decisions of the Federal Circuit have confirmed the requirements of § 2513 are jurisdictional. *See, e.g.*, *Brewer v. United States*, No. 2021-1872, 2023 WL 2233717, at *1–2 (Fed. Cir. Feb. 27, 2023) (affirming dismissal of § 1495 claim for lack of jurisdiction where plaintiff exhausted all remedies in seeking certificate of innocence required under § 2513); *Francis v. United States*, No. 2022-1188, 2022 WL 1655689, at *1 (Fed. Cir. Jan. 26, 2022) (similar). Thus, the Court reaffirms its holding in *Faircloth* that the requirements of § 2513 are jurisdictional.

  2. <u>Plaintiff Has Not Alleged that He Meets the Requirements of 28 U.S.C. § 2513.</u>

Having determined that the requirements of § 2513 are jurisdictional, the Court finds that, to the extent Plaintiff asserts a claim under § 1495, it must be dismissed because Plaintiff has not alleged that he meets either requirement of § 2513(a), let alone that he can provide the certificate of innocence required by § 2513(b). First, Plaintiff fails to assert that his conviction has been reversed or set aside; nor does Plaintiff allege that he has been pardoned. *See generally* ECF No. 1 at 2. Second, Plaintiff fails to allege that he did not commit any of the acts upon which he was guilty of wire fraud, mail fraud, theft of government funds, aggravated identity theft, or health care fraud; nor does he assert that he did not by misconduct or neglect cause or bring about his own prosecution. *See id.* Instead, Plaintiff's sole reason for requesting that his criminal case be dismissed is that he "ha[s] immunity." *See id.* Plaintiff's Complaint accordingly fails to establish jurisdiction, even construed as seeking relief under 28 U.S.C. § 1495.

### E.     Plaintiff's Implied Contract Claim Fails to Establish Jurisdiction.

Finally, Plaintiff's conclusory assertion of an implied contract or fiduciary relationship is insufficient to establish jurisdiction. Plaintiff's Complaint states that the "judge(s) is a trust, the prosecutor(s) is the trustee and Paul Fishbein is the beneficiary on ALL MY CASES. This is a [sic] IMPLIED CONTRACT with no expiration date." ECF No. 1 at 2. While the Government's Motion does not address Plaintiff's assertion of an implied contract, "[t]he court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); RCFC 12(h)(3). Based on its review, the Court must dismiss the claim for lack of subject-matter jurisdiction as Plaintiff's Complaint fails to assert non-frivolous allegations of an implied-in-fact contract or fiduciary relationship.

Even liberally construed, it is not clear whether Plaintiff alleges an implied-in-fact or implied-in-law contract. *See* ECF No. 1 at 2. This Court lacks jurisdiction to entertain implied-in-law contract claims. *See Mitchell*, 463 U.S. at 218. A Tucker Act Claim must instead be based on an expressed or implied-in-fact contract with the United States.[2] *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). While this Court may have jurisdiction over implied-in-fact contract claims, a plaintiff must plead "more than a non-frivolous allegation of a contract with the government" to invoke the Court's jurisdiction. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted); *see Perry v. United States*, 149 Fed. Cl. 1,

---

[2] "An agreement implied in fact is 'founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) (quoting *Baltimore & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597 (1923)). "An implied-in-fact contract with the government requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003) (internal quotation marks omitted).

13

12 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021); Mem. Op. & Order at 3, *Greene v. United States*, No. 23-14 (Fed. Cl. Feb. 17, 2023), *aff'd*, No. 2023-1551, 2023 WL 5274630 (Fed. Cir. Aug. 16, 2023).

Here, Plaintiff appears to base his implied contract assertion on a purported fiduciary relationship among Plaintiff, the district judge, and the prosecutor in his criminal case.[3] *See* ECF No. 1 at 2. Yet Plaintiff has not pled any plausible facts to establish a contract or trust relationship with the United States; and indeed, the Court strains to conceive of a hypothetical instance in which a criminal defendant could have an implied contract, or be the beneficiary of a trust relationship, with the judge presiding over his case and the prosecutor bringing the charges against him. *See Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020) (holding that the complaint did not "set forth any non-frivolous factual allegations from the which the Claims Court could have plausibly concluded that [the plaintiff] had a contract with the United States government"). Moreover, to the extent Plaintiff bases the existence of a purported trust relationship on his assertion of sovereign citizenship, judges of this court have repeatedly held such claims are frivolous and insufficient to establish jurisdiction. *See Potter*, 161 Fed. Cl. at 28–29 (dismissing for lack of jurisdiction sovereign citizen plaintiff's "fictitious claims" founded upon various theories of a trust relationship with the United States). Thus, Plaintiff's implied contract claim must be dismissed for lack of subject-matter jurisdiction.

---

[3] To demonstrate a trust relationship, "[a plaintiff] must identify statutes or regulations that both impose a specific obligation on the United States and 'bear[ ] the hallmarks of a conventional fiduciary relationship.'" *Hopi Tribe v. United States*, 782 F.3d 662, 667 (Fed. Cir. 2015) (alteration in original) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 301, (2009)). "Such a fiduciary relationship exists only when all necessary elements of a common-law trust are present: (1) a trustee . . . , (2) a beneficiary . . . , and (3) a trust corpus . . . ." *Navajo Nation v. United States*, 171 Fed. Cl. 246, 258 (2024), *recons. den.*, 175 Fed. Cl. 114 (2025). "If there is nothing that can be viewed as trust corpus, then a trust relationship does not exist." *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 13) is **GRANTED**.  The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

Dated: October 7, 2025                                                      */s/ Kathryn C. Davis*
                                                                                             KATHRYN C. DAVIS
                                                                                             Judge